UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEN A. R.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:23-CV-5596-DWC

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for supplemental security income ("SSI").[1] The parties agree the Administrative Law Judge ("ALJ") committed reversible error and this matter should be remanded for further administrative proceedings. The parties, however, disagree regarding whether this matter should be assigned to a different ALJ on remand. After consideration of the record, the Court finds remand to a different ALJ is appropriate in this case. Therefore, the Court remands this case for further administrative proceedings pursuant to sentence four of 42 U.S.C.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION - 1

§405(g) to the Commissioner of Social Security ("Commissioner"). The Court directs the Commissioner to assign this matter to a new ALJ.

I.     **Factual and Procedural History**

On April 12, 2016, Plaintiff filed an application for SSI, alleging disability beginning January 1, 2010. *See* Dkt. 8, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See* AR 15. After holding an administrative hearing, ALJ Adam Mozyrsky issued a decision on January 19, 2018 finding Plaintiff not disabled. *See* AR 113-24. The Appeals Council vacated the January 2018 decision and remanded the case to ALJ Mozyrsky for further proceedings. AR 129-31. On remand from the Appeals Council, ALJ Mozyrsky held a second administrative hearing and, on May 23, 2019, the ALJ again determined Plaintiff was not disabled. AR 15-25. Plaintiff appealed to the United States District Court for the Western District of Washington ("District Court"); the District Court remanded the case to the Commissioner for further proceedings. AR 784-86; *see also Ken R. v. Commissioner of SSA*, 3:20-CV-5647-MLP (W.D. Wash. May 28, 2021).

On remand from the District Court, the Appeals Council vacated the May 2019 decision and remanded the case to a different ALJ for further proceedings. AR 795-97. ALJ Allen G. Erickson held an administrative hearing and, on January 4, 2023, issued a decision finding Plaintiff not disabled. *See* AR 690-99, 707-34. Plaintiff now appeals ALJ Erickson's January 4, 2023 decision, which is the final decision of the Commissioner.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly evaluating the medical evidence; (2) improperly evaluating Plaintiff's testimony; and (3) erroneously finding that Plaintiff's medically determinable impairments, considered in combination, were non-severe. Dkt. 10.

## II.   Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   Discussion

Plaintiff and Defendant agree the ALJ committed reversible error. Dkts. 10, 16, 17. The parties also agree this matter should be remanded to the Social Security Administration for further administrative proceedings. *See* Dkts. 10, 16, 17. Plaintiff, however, has requested this matter be assigned to a different ALJ on remand, while Defendant argues Plaintiff has not shown reassignment is necessary. *See* Dkts. 10, 16, 17.

Plaintiff requests assignment to a new ALJ on remand because his attorney has not been able to receive a favorable decision from ALJ Erickson. Dkts. 17, 18. Defendant asserts Plaintiff has not shown bias or prejudice. Dkt. 16.[2] Regardless of whether Plaintiff has shown the ALJ is prejudiced towards Plaintiff's attorney, the Court finds multiple errors in the Social Security Administration's consideration of Plaintiff's application for SSI benefits and, thus, this matter should be assigned to a new ALJ on remand.

As indicated above, Plaintiff has been pursuing his claim since April of 2016 and, even after three hearings and three ALJ decisions, he has not received a decision free of harmful error. ALJ Mozyrsky's first decision was remanded by the Appeals Council and ALJ Mozyrsky's second decision was remanded by this Court, after the Commissioner conceded the errors. Now,

---

[2] Defendant also asserts Plaintiff has not properly preserved the argument that he is entitled to reassignment to a different ALJ on remand. Dkt. 16. The Court finds Plaintiff requested assignment to a new ALJ in his Opening Brief. Dkt. 10 at 17. While Plaintiff's argument is conclusory, the Court declines to deny Plaintiff's request for this reason.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION - 3

the Commissioner has again conceded that ALJ Erickson's decision contains harmful errors, including failing to properly consider evidence related to Plaintiff's subjective symptom testimony. Dkt. 16.

The Court finds this case strongly resembles the "'heads we win; tails, let's play again' system of disability benefits adjudication" that has been roundly criticized by the Ninth Circuit. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). As such, the Court finds Plaintiff's request for a different ALJ is reasonable and warranted in this circumstance. Accordingly, the Commissioner is directed to assign this case to a different ALJ for all further proceedings. *See Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996) (recommending the Commissioner assign the case to a different ALJ for all further proceedings).

### IV. Conclusion

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Defendant is directed to assign this matter to a new ALJ.

Dated this 10th day of April, 2024.

David W. Christel
United States Magistrate Judge